**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0361n.06
Filed: May 23, 2006

**No. 04-1823**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**MICHELLE BAZZETTA, et al,**

     **Plaintiffs-Appellees,**

**v.**

**PATRICIA CARUSO, Director of the Michigan Department of Corrections, and MICHIGAN DEPARTMENT OF CORRECTIONS,**

     **Defendants-Appellants.**

                                     /

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN**

**BEFORE:**    **SUTTON and CLAY, Circuit Judges; OBERDORFER, District Judge.**[*]

     **PER CURIAM**. The Court has received a tendered bill of costs submitted by appellants in this closely litigated case. Appellees have responded to the request. Appellants request taxed costs against appellees in the amount of $16,208.25, their docket fees and reproduction costs for the instant appeal, pursuant to Federal Rule of Appellate Procedure 39.

     Rule 39 provides for costs taxed against the losing party on appeal. The rule reads, in pertinent part: "[U]nless the law provides *or the court orders otherwise* . . . if a judgment is reversed, costs are taxed against the appellee." Fed. R. App. Proc. 39(a) (emphasis added). Therefore, by the plain language of the rule, it is within our discretion to permit, permit in part, or deny costs as we

_____

[*]The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

judge is appropriate. *See also Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (noting that the language in Fed. R. Civ. Proc. 54(d) provides the district court with wide discretion in awarding costs: "costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs"); *Weaver v. Toombs*, 948 F.2d 1004, 1010 (6th Cir. 1991) (analogizing Fed. R. Civ. Proc. 54(d) to Fed. R. App. Proc. 39(a)); *Tung Mung Dev. Co. v. United States*, 354 F.3d 1371, 1382 (Fed. Cir. 2004) (noting that Fed. R. App. Proc. 39 leaves the award of costs to the discretion of the court).

This Circuit considers a number of factors when deciding whether to award taxed costs to the prevailing party. These factors include the "losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Singleton*, 241 F.3d at 539. In addition, "another factor weighing in favor of denying costs is the indigency of the losing party," although indigency alone does not mandate a denial of costs. *Id.*

None of the factors for our consideration counsel for an award of costs. The record of litigation in this Court alone shows that the issues presented posed significant public policy concerns and presented difficult and close legal issues to the courts. The prisoners and their visitors initially prevailed in this Court but lost in the Supreme Court. The enforcement proceedings on remand revolved around the district court's interpretation of the Supreme Court opinion rendered in this case. The litigation was taken in good faith, the case was difficult, and there is no necessity on the part of the prevailing party, the Michigan prison system, for a cost award. Moreover, the plaintiffs here are all prisoners and their visitors. The vast majority of these plaintiffs will possess few resources with which to meet an award of costs. Finally, appellants propose to extract the award of costs from the prisoner-plaintiffs' prisoner accounts. The appellants do not communicate to the

Court how costs would be assessed against the non-prisoners plaintiffs (both prisoners and their visitors sued) or distributed amongst the differing groups of plaintiffs.

After weighing the various considerations raised by appellants' tendered bill of costs, we choose to exercise our discretion by **DENYING** costs to appellants for this appeal.

**IT IS SO ORDERED.**